# United States District Court

**EASTERN DISTRICT OF TEXAS**
**SHERMAN DIVISION**

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | § | |
| | § | |
| V. | § | CASE NO. 4:09-cr-194 |
| | § | Judge Crone |
| ROBERTH WILLIAM | § | |
| VILLEGAS-ROJAS (22) | § | |
| | § | |

## REPORT AND RECOMMENDATION
## OF UNITED STATES MAGISTRATE JUDGE

Pending before the Court are Defendant's Motion to Dismiss (Dkt. #293) and Motion to Dismiss and Alternative Motion for Transfer of Trial to a Court of Proper Venue (Dkt. #305), and having considered the motions, and the response thereto, the Court is of the opinion that the motions should be denied.

## BACKGROUND

On October 15, 2009, Defendant was indicted in a two-count indictment. Count One charges Defendant with conspiracy to import five kilograms or more of cocaine, and to manufacture and distribute five kilograms or more of cocaine intending and knowing that the cocaine will be unlawfully imported into the United States, in violation of 21 U.S.C. § 963. Count Two charges Defendant with manufacturing and distributing five kilograms or more of cocaine intending and knowing that the cocaine will be unlawfully imported into the United States, in violation of 21 U.S.C. § 959 and 18 U.S.C. § 2.

On February 3, 2010, this case was transferred from Judge Marcia A. Crone to Judge Michael H. Schneider (Dkt. #56). On April 18, 2011, Defendant filed his motion to dismiss (Dkt. #293). On April 20, 2011, Defendant filed a motion to dismiss and alternative motion for transfer of trial to a

court of proper venue (Dkt. #305). On May 16, 2011, the United States filed a response (Dkt. #320). On June 14, 2011, the United States filed an amended response (Dkt. #336). On July 25, 2011, this case was transferred back to Judge Crone (#370). On August 26, 2011, Judge Crone referred the motions to the undersigned for consideration and a determination or recommended disposition (Dkt. #378).

**Motion to Dismiss Based Upon Rule of Specialty**

On September 21, 2010, Defendant was extradited from the Republic of Colombia pursuant to Executive Resolution 248 from the Colombian Ministry of the Interior and Justice. The Ministry of Foreign Affairs for the Republic of Colombia extradited Defendant on the condition that Defendant "[n]ot...be subjected to...life imprisonment." Executive Resolution 248 (Dkt. #273). The Government of the United States assured "...the Government of Columbia that a sentence of life imprisonment will not be sought or imposed." Diplomatic Note No. 2610 (Dkt. #271).

Defendant moves to dismiss based upon the rule of speciality that when a person is extradited from one country to another to face criminal charges, the person may only be tried for the offense for which he was surrendered. *See United States v. Rauscher*, 119 U.S. 407, 420-21 (1886); *United States v. LeBaron*, 156 F.3d 621, 627 (5th Cir. 1998). Defendant further asserts that pursuant to Article 15 of the Extradition Treaty with the Republic of Colombia, "[a] person extradited under the Treaty shall not be detained, tried or punished in the territory of the Requesting State for an offense other than that for which extradition has been granted."

Defendant argues that the resolution and the United States' agreement prohibit the United States from seeking a sentence of life imprisonment, but that in this case the range of punishment includes a possible life sentence. Defendant argues that the Government has assured the Republic

of Colombia that it will not impose a sentence of life upon Defendant, but that this assurance cannot be made because the role of the judicial branch is to assess and impose the sentence pursuant to Federal Rule of Criminal Procedure 32.

The Government responds that Defendant lacks standing to raise this issue, and even if he does have standing, the argument is premature.

Under the rule of speciality, a "requisitioning state may not, without the permission of the asylum state, try or punish the fugitive for any crimes committed before the extradition except the crimes for which he was extradited." *LeBaron*, 156 F.3d at 626 (citation omitted). Whether Defendant has standing to raise the rule of specialty is an undecided issue in the Fifth Circuit. *See LeBaron*, 156 F.3d at 626; *United States v. Angleton*, 201 F. App'x 238, 243 n.12 (5th Cir. 2006).

The Court agrees with the Government that the argument is premature. At this point in time, before trial, and long before sentencing, there is no reason to believe that the District Judge will not give deference to the assurances made by the United States government to the Republic of Colombia. The Court agrees, without deciding the issue of standing, that Defendant's challenge is premature and the motion to dismiss should be denied at this time.

**Motion to Dismiss and Alternative Motion for Transfer**

Defendant challenges venue because he did not willingly enter the United States in the Eastern District of Texas. Alternatively, Defendant seeks transfer to the United States District Court for the District of Colombia in order for Defendant to have the ability to communicate with and have access to the consular officials from his country as required by Article 36 of the Vienna Convention on Consular Relations.

The Government asserts that venue is proper in the Eastern District of Texas because when

he was extradited, his plane landed in the Eastern District of Texas. The Government asserts that venue is proper under 21 U.S.C. § 959(c) and 18 U.S.C. § 3238.[1] The Government also argues that there is no legal basis to transfer the case to Washington, D.C., and that there is a Colombian consulate in Houston, Texas.

Generally, venue is proper in the district where the offense was committed. Fed. R. Crim. P. 18. However, pursuant to 21 U.S.C. § 959(c), venue is proper as follows:

> **(c) Acts committed outside territorial jurisdiction of United States; venue**
> This section is intended to reach acts of manufacture or distribution committed outside the territorial jurisdiction of the United States. Any person who violates this section shall be tried in the United States district court at the point of entry where such person enters the United States, or in the United States District Court for the District of Columbia.

21 U.S.C. § 959(c). The Government asserts that the evidence will show that Defendant first entered the United States when he was extradited to the United States and his plane landed in the Eastern District of Texas. The Court agrees that based upon this representation, and no assertion or evidence offered to the contrary, Defendant first landed in the Eastern District of Texas, making venue proper in this District pursuant to section 959(c). The Court is not aware of any authority, and Defendant cites none to the Court, that requires Defendant to voluntarily enter this judicial district to be prosecuted for violations of sections 959 and 963. Therefore, venue is proper, and the motion to dismiss based upon improper venue should be denied.

Alternatively, Defendant requests that the case be transferred to Washington, D.C. The

---

[1] The Government asserts that 21 U.S.C. § 963 does not contain a special venue provision like section 959. The Government argues that because section 963 charges a conspiracy to violate section 959, it follows that the special venue provision of section 959 would apply to a section 963 charge. Although a novel argument, the Court does not have to address it because it is clear that venue would be proper pursuant to 21 U.S.C. § 3238 for the alleged violation of section 963. *See United States v. Erwin*, 602 F.2d 1183, 1185 (5th Cir. 1979).

Government argues that there is no legal basis for this motion, and that there is a Colombian consulate in Houston, Texas. The Court agrees. Defendant provides no authority that requires transfer of this case and provides no reason why the Colombian consulate in Houston, Texas, could not provide services to Defendant. Therefore, the request to transfer should be denied.

## RECOMMENDATION

The Court recommends that Defendant's Motion to Dismiss (Dkt. #293) and Motion to Dismiss and Alternative Motion for Transfer of Trial to a Court of Proper Venue (Dkt. #305) should be **DENIED**.

Within fourteen (14) days after service of the magistrate judge's report, any party may serve and file written objections to the findings and recommendations of the magistrate judge. 28 U.S.C. § 636(b)(1)(c).

Failure to file written objections to the proposed findings and recommendations contained in this report within fourteen days after service shall bar an aggrieved party from *de novo* review by the district court of the proposed findings and recommendations and from appellate review of factual findings accepted or adopted by the district court except on grounds of plain error or manifest injustice. *Thomas v. Arn*, 474 U.S. 140, 148 (1985); *Rodriguez v. Bowen*, 857 F.2d 275, 276-77 (5th Cir. 1988).

**SIGNED this 31st day of August, 2011.**

AMOS L. MAZZANT
UNITED STATES MAGISTRATE JUDGE